Good morning, your honors. May it please the court. I'm Kurt Elk here for the appellate. I've thought a lot about this case. And before you start, I want to ask you both the same question. Yes, sir. The California Supreme Court has a case scheduled for argument. Hartford Casualty is going to be argued on April 3rd, which means the decision will be filed by your income. I want to know what either of you think, because the California Supreme Court is going to consider this general issue, whether either or both of you think that we should withhold a decision until after that case is decided. Well, it doesn't mean we will. I was just curious about your views on the subject of whether it would be a good idea or not to wait to see. You know, once the court, the highest court, takes a case, you never know where it's going to go. So it may well have nothing to do with this case. It may well not affect it. It may or may not, yes. Yeah, may or may not. I just wanted to know whether either or both of you thought we should withhold our decision and wait for that case, or whether you think it's irrelevant and there's no need to do that. Well, you know, I'm the appellant, and therefore I've got the burden here. But it's my view that this is a pretty straightforward case and we ought to win. But in other words, if you decided, you should decide it in favor of the appellant. But I've thought about waiting. You know, I don't think it's close. But I have thought about whether the court wants to wait, and if it does, it certainly is appropriate if you wish to do so. We did file an amicus brief in the California Supreme Court, so I'm very familiar with that case. Thank you. And it's entirely your argument, that's all. I know that a respondent wrote a letter, the insurance company wrote a letter calling attention to that, and we responded. And if you wish to defer the submission, or you can have a you know, you're not bound like the California courts by that 90-day rule for a decision, so you can take it under submission. No, we get paid for life no matter what we do. Okay. So shall I proceed? Yes, please. All right. I mean, I'm aware of the situation, and I think the court has the option either way. I've thought a lot about this case, and since two of the members of the court are not from California, I hope that I'll be forgiven if I say something that is to a California lawyer fairly obvious and simple. California law governs, and parties are agreed on that. And in California, the coverage law is governed largely by the Montrose Chemical Company case of 1994, which we cited extensively in the brief, and which for some reason the insurance company didn't refer to at all. I want to read to you, if I may, the standard for coverage under the Montrose case. This is for defense coverage, because it really takes the matter very far. Quote, in other words, the insured need only show that the underlying claim may fall within policy coverage. May is in italics in the original text. The insurer must prove it cannot also in italics. So all we have to prove is that this claim may fall within the coverage, and I think it clearly does. And there's another thing, and that is the California courts have held many times, and for that matter the insurance policy in this case requires that a defense must be provided for false and untenable and even fraudulent claims. So it isn't whether the underlying plaintiff is correct or whether underlying plaintiff property characterizes what happened. The question is, what did the underlying plaintiff allege? And when you look at that, the underlying complaint, paragraph 36 states, defendants further continue to make false and misleading statements through which they seek to take credit for AYI's business relationships and practices and to pass them off as their own. And then it says, for example, and it cites the example of the relationships and the complaint alleges, in fact, these are AYI's relationships, which AYI built through years of effort. Now, that is an allegation that we have claimed as our own, but the underlying plaintiff claims it's its own. And that fits the definition of disparagement. Let me back off for a moment and say that the parties are again in agreement that disparagement is the trigger clause in this particular policy that the parties are talking about. Namely, if there was a disparagement, then they owe a defense, and if it is proved on the substantive facts that there was, in fact, a disparagement, then they require to identify us. Now, this is a stretch to get to your position on this record, on these facts. Do you know what I mean by a stretch? In other words, there's a figure, there's no doubt, you've got to act. The other question is whether they should have. And when we went to follow your argument, do you have to really stretch a little bit? No, I don't think you have to stretch at all. I think that the disparagement is defined under California decisional law as, quote, something untrue, and I'm eliding some parts that don't matter, untrue and disparaging to another property in various things, including intangible things. Now, this underlying plaintiff claims that the ads, and there's no doubt, again, let me say there's no doubt that we're talking about ads, so that condition of the policy is fulfilled. That the underlying claims are asserting, according to the underlying plaintiff, AYI, that we are claiming as our own its business history, and that is enough to disparage them. They say it disparages them. They say it costs them customers and money, that we've done that. Did they say it did or could? They said it did. They stated as a fact, and I'm saying that even if it only could, there'd be coverage. And they're saying flatly that it did. Now, I think that's really all there's to this case, and the, you know, we spent a lot of time, both parties spent a lot of time discussing probably a half a dozen cases or so that deal with the disparagement coverage, and there are many cases that provide coverage. In my brief, I pointed out that the cases which do not provide coverage are very different. For instance, they don't claim any disparagement at all. They claim trespass or, in one case, the plaintiff alleged things that seem to be disparagement, but then specifically asserted that it was not claiming, that it was damaged thereby. So this was not a claim of disparagement. Mr. Melfiore, let me ask you about the Juro formula case. Didn't that the Juro formula case decided by a district court here in California and then recently affirmed, recently affirmed by the Ninth Circuit in an unpublished opinion? Didn't that deal with implication disparagement? I didn't hear which case you were referring to. Juro, J-A-R-O-W formulas. Juro formulas, yes. That's a case that seems to be very closely analogous. The issue was whether there was disparagement by implication, and the case actually is, I think, fairly close to this. The district court found there was no coverage and was affirmed by the Ninth Circuit. The Juro case affirmed by an unpublished opinion of the Ninth Circuit, right. The Juro case, the plaintiff claimed that its product could perform under the same formulas that the we are doing. It just says my product can do X. It didn't say that we are asserting a claim to your property. And the underlying plaintiff here is saying you are asserting that our property is yours. There's nothing in the Juro case that says that the underlying plaintiff doesn't have something or that where J-A-R-O alleged that, I'm sorry, it wasn't J-A-R-O, it was the other company, BioSil, I think, that alleged that the underlying claim was its own only and not theirs. They just said you improperly advertised that you can do what we can do. But here the underlying plaintiff says, now this is the problem that I have with Judge Wilton. Judge Wilton read what was in the advertisement, and she said it doesn't say what AYI says it says, and it doesn't say what you, Mr. Melfiore, on the defense say it says. It says something else. And that's not the test. That's the question. But then didn't the district judge then come around and say, based on the allegations themselves, that it was her view that there was no disparagement by implication? Yes, there was that discussion, but then it moved on and, I think, developed. I don't think that's what she said. I think she said that in the oral argument The allegations themselves quoted the website. Well, in any event, that is not correct for the reasons I pointed out. If she said it, it's not correct, because AYI says in its claim that these are AYI's relationships. It is not that our product produces the same as BioCell's product. It says Bopan claims it can do X. And it can't do or it has done X, I'm sorry. Bopan claims it has done X, but Bopan has not done X. AYI has done X. So that's disparagement under California law. But it doesn't say that AYI doesn't do this. It doesn't say in some way. You have to rely on by implication, correct? There's no direct disparagement. It's an implication, yes. But AYI claims that implication. Nowhere does it say that AYI does not have 15 years of experience. No, it doesn't. But AYI claims that. Or 15 years of paying its debts or the bills they come due. That's the basic point. Yes, thank you, Your Honor. The basic point is that, you know, as I said earlier, the insurance requirement is to defend false and fraudulent claims as well as real claims. And AYI has said that by claiming this, it is claiming AYI's history. And that is there's only one such history, according to AYI. And that makes it disparagement. Seems pretty straightforward to me. Not so to the district judge. I understand. I'm not so straightforward. All right. Well, I could go on and distinguish all of these cases, but I think I'll save my time for Bopan. Thank you, counsel. Thank you. May it please the Court, Steve Ellingson, on behalf of Respondent Sentinel Insurance Company. Your Honor, may I ask you the same question? Yes, I apologize. Counsel, do you have a recommendation as to whether we should await the decision in about 60 days or so of the California Supreme Court in Hartford? Were they going to examine this general subject? I don't think this Court needs to wait. In my view, Sentinel's view, this case involves straightforward application of cases that have already been decided. And the Swift case is not likely to change the facts of this case. I'm sorry, the result in this case. So both of you think it's so clear cut that you don't want to wait for the first of the California Supreme Court. That's right. We just don't know what the outcome should be positive. Well, you can predict accurately what the California Supreme Court can say on this subject. I have a guess, but I'm not terribly confident. Yes. Well, but but I can understand that's your decision. Yes, I do have my own prediction on what the outcome of that will be and why. But that's not our case here. This case, one thing that has gotten lost, I think, in the briefing to a large extent, is this is a passing off case. It's alleged numerous times in the underlying complaint. It's referenced numerous times in appellant's own briefing that Bullpen was allegedly passing off the experience and business relationships it gained while its principals were at AYI. Well, passing off is not covered under California law. Passing off is not disparagement under California law. The Microtech case makes that very clear. So the briefing kind of has gone beyond that to this clear implication, fighting over the clear implication. And there's no coverage there either. The California Supreme Court in Blatty made it clear that if the alleged statements don't directly disparage the claimant, there is disparagement only if they do so by clear implication. And there is no clear implication here. First of all, there were no derogatory or disparaging statements in the first place. And even if there were disparaging statements made on Bullpen's website, there was no implication, clear or otherwise, that they were referring to AYI. I mean, this case is very straightforward to me. Well, Mr. Melchior's argument, as I understand it, is in this small world that they deal in, recycled goods, that by claiming that we've had a 15-year relationship of paying our bills, you know, good relationships with our buyers or sellers, I can't recall which it was, that by implication, by clear implication, we're saying that AYI does not have that same history of dealing with its customers. Well, frankly, Your Honor, that is not an argument that's in the record. That's the argument of counsel. In fact, if you look at the underlying complaint, it's in the record at page 271, paragraph 12, and I'll quote, AYI provides its services in a highly competitive market in which companies compete fiercely with one another for vendors and customers. Paragraph 13, AYI competes with other companies, including Bullpen. There's nothing in the record that this is a small market. There's nothing in the record that AYI was the only other company that could provide these services. And keep in mind that the cases where implied disparagement was found, those cases held. These companies said, we're the only one who can do this. The trademark case, what was that, Burgett, said they're the only ones who held this trademark. The other cases, they're all only one other competitor. I think that's Mr. Melchior's argument, that because we are taking, we, Bullpen, is taking credit for these things, that by implication says that AYI cannot have those experiences, exclusively, which are the cases that go the other way. Right. I understand that. I understand that, Your Honor. I'm not saying I agree with it. That's his argument, and I'd like to hear your response to that. Right. There's nothing in the record to suggest that AYI was the only other competitor. And there's nothing about, this is the total call international case. There's nothing about touting your own products that necessarily means somebody else's products don't share those same characteristics, absent factors that aren't present in this case. It's that simple. One other thing that I want to hit, and this was, I think, more apparent in the briefing than an argument. We are left here with a complaint that alleges, and quotes from Bullpen's website, those statements are what they are. Counsel's arguments can't transform those statements into something else. And counsel for appellant went far back into the history of California coverage law, and I'd like to do the same thing. In Gray v. Zurich, one of the seminal cases in California, California Supreme Court, the court said, and I quote, very short quote, our Supreme Court, anticipating imaginative counsel and the likelihood of artful drafting, has indicated that a third party is not the arbiter of a policy's coverage. So what we're left with here, the statements on Bullpen's website, alleged verbatim in AYA's complaint against Bullpen, and the only thing Bullpen did was tout its own experience. That is not disparagement. It's passing off, and it certainly was not clear implication of AYI or clear implication of disparagement for that matter. Thank you, counsel. Just a few points, Your Honors. Mr. Ellison said that this is a passing off case. I don't think it's a passing off case, but if it is, there's the Michael Taylor case, which is a straight passing off case in which disparagement coverage was found because Michael Taylor, the underlying plaintiff alleged that Michael Taylor was passing off what he called cheap substitutes as its high price matters. So if it were a passing off case, which I don't think it is, it's covered. And the point that I was trying to make, and that I think that a respondent has never really understood, is that we get coverage if there may be a potential of coverage. Now, I personally agree that if I were defending the AYI case, I would say, wait a minute, we didn't claim what you claim we did. And I might even win that case. I would hope so. But the point here is that we are entitled to a defense against the allegations AYI made, and Mr. Ellison has not denied that AYI makes these allegations. It just says they're not supported. I'm really surprised to see an argument. I'm sorry? I think what he said, and you can draw whatever conclusions you want, but I think what he said is we only said what we said. We didn't say what somebody is now trying to imply. We might have said. He's saying it didn't disparage AYI, but the point isn't whether it did or not. The point is AYI says it disparaged them, and that's enough to trigger the defense, because the defense is against whatever claims are made. That's been my difference with Judge Wilkin, too. She said the same thing. It doesn't denigrate or disparage AYI. But AYI says it did, and that's what counts, really. Now, Mr. Ellison also says the third party. You don't have to get to the reasonableness of the belief that it disparaged them. Otherwise, this is the third party who must jump to defend, and it must defend in your view based on what the alleged injured party thinks rather than what the statements say. Your Honor, let me take a very simple comparison. If somebody says that I hit them in my car at 7th and Mission Street right here on the corner at 10 o'clock on March the 12th, I can prove that I was in this room at 10 o'clock on March the 12th, and that's a false allegation. But I still am entitled to a defense if that is a claim as written that is covered by my insurance policy. That's my point. But the point is you're traveling under the theory of disparagement by implication. Doesn't the implication, the drawing of the implication have to be reasonable? It's not all doubt. It's all reasonable doubt. They're saying I'm not arguing whether we actually implied these things that AYI says we implied, but it's a basic threshold to me, and I think under the law, that if they say so, then we're entitled to a defense. And it did say so. And it's a mistake to look at what was said. I agree with the basic principle that if it's in the complaint, like your example, the date is wrong, it's in the complaint. So that's proven otherwise. You've got to defend. Right. But that's different than, it seems to me, than reasonable implication. You have what the allegations are, and then is there an implication that that's disparagement? And does that implication have to have some reasonable or some rational basis? All right. I would have to say, I would answer it this way, that disparagement can be by implication. And if there were a trial of AYI versus Bullpen, we would have an argument whether there was a disparagement by implication. But for purposes of obtaining an insurance coverage for defense, all we have to show is that AYI said so, whether the implication is correct or not. Does that make sense? Well, I think we understand the position. All right. And when Mr. Ellison says that. My recollection is, and I must say, I haven't read all the cases recently, but California law as to when you have to provide a defense as opposed to when you're liable is somewhat, as you have stated, but that there is a rule that if in the complaint, even if it doesn't allege a particular cause, if it could, there could be, even by amendment later, you take a very broad view of what the coverage is opposed to liability. You take a very broad view of the complaint, and it's not limited to the counts the complaint alleges, but what might be alleged on the basis of some of the facts within the complaint. Now, I don't know how that applies to the court's questions as to what kind of implication, how you determine whether there's an implication. The court asked, Judge Huck asked, is it a reasonable implication? I would assume your answer to that would have to be yes. It couldn't be an unreasonable implication. I would think you would say an answer yes, but this is a reasonable implication. But I'm not sure whether you're saying how you measure what type of implication brings you within the broad rule. Well, I assume you're saying you believe that it's a reasonable implication, and there is a limit on what can be implied. All right. May I respond? Yes, this will be your last question. All right. I'll respond very quickly. I think, again, there are two different threads that is easy to confuse. One is that if the underlying complaint does not allege some a coverable claim, but if by reasonable implication that it can be amended or it is inherent in the situation, then the law is, and there's no question about the law, the law is that a defense coverage must be provided. Now, this is a different situation. I mean, we would get there if it weren't for the next point. The next point is that here the underlying plaintiff actually said that it was being disparaged in the language that I quoted, and that makes it a much easier case to my life. I hope I've answered the question. I think you answered it. I'm not trying to carry it further. There's no doubt that you're right when you say they said we were, but doesn't the court have to have a measuring rod to see whether you're right in saying that they disparaged? Well, it's not what the court sees as what the truth is, but what the underlying plaintiff alleges. The underlying plaintiff makes a false allegation. It's still covered. I follow you. Thank you. Thank you, Justice. The case here, Farragut, will be submitted.
judges: Huck, Farris, Reinhardt